IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARY JUSTICE,                              )
                                           )     C.A. No. K21A-03-001 NEP
            Appellant,                     )
                                           )
      v.                                   )
                                           )
INDUSTRIAL ACCIDENT BOARD and              )
CAPITAL SCHOOL DISTRICT,                   )
                                           )
            Appellees. [1]                 )

## ORDER

Submitted: April 13, 2021
Decided:  April 16, 2021

Having considered the Motion to Dismiss filed by Appellee Capital School District (State of Delaware) (the "Employer") and the response of Appellant Mary Justice ("Ms. Justice")[2], the Court finds as follows:

1.     Ms. Justice filed a workers' compensation claim as a result of injuries allegedly sustained while employed by Capital School District, a public school district in Kent County, Delaware.

2.     On February 5, 2021, the Industrial Accident Board (the "Board") issued a decision denying Ms. Justice's Petition to Determine Compensation Due (the "Decision").

3.     On February 9, 2021, the Decision was mailed to the parties.

4.     On March 12, 2021, Ms. Justice filed a Notice of Appeal of the Decision with this Court.

---

[1] While the Notice of Appeal lists "Industrial Accident Board" and "Capital School District" as the appellees, the Industrial Accident Board is not properly named as a party to the appeal pursuant to 19 *Del. C.* § 2349, and the caption of the decision below indicates "State of Delaware" as the Employer.

[2] Ms. Justice is self-represented in this appeal.

5.     Pursuant to 19 *Del. C.* § 2349, a party has 30 days to appeal a decision of the Board.[3]

6.     In *Irvin-Wright v. State*, this Court found the language of Section 2349 to be unambiguous as to filing dates and that the statute lacks any "accommodating language" that would extend or toll the 30-day filing deadline. [4]

7.     Because Ms. Justice filed her appeal of the Decision on March 12, 2021, one day after the appeal period had run, her appeal is time-barred.

8.     This finding is also consistent with this Court's holding in *Genesis Health Ventures v. Horne*.[5]

WHEREFORE, the Employer's Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:  Prothonotary
cc:  Mary Justice
      Counsel of Record

---

[3] 19 *Del. C.* § 2349 ("An award of the Board, in the absence of fraud, shall be final and conclusive between the parties, . . . unless within 30 days of the day the notice of the award was mailed to the parties or electronically received by secured email, either party appeals to the Superior Court for the county in which the injury occurred.").

[4] *See Irvin-Wright v. State*, 2003 WL 21481004, *2 (Del. Super. June 16, 2003) ("There is not an indicia of any accommodating language within the text of the statute that, upon interpretation, would permit an extension or tolling of the 30-day filing deadline due to exigent conditions or mitigating circumstances hindering or prohibiting compliance.")

[5] *See Genesis Health Ventures v. Horne*, 2008 WL 2331983, at *1-2 (Del. Super. May 30, 2008) (dismissing appellant's appeal because it was filed one day past the statute of limitations period; the Court held that the time allowances provided by Superior Court Civil Rule 6(e), allowing additional time when service is by mail, do not apply to decisions mailed by the Industrial Accident Board based on precedent and the plain language of 19 *Del. C.* § 2349).